UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

TRUSTEES FOR MICHIGAN CONFERENCE
OF TEAMSTERS WELFARE FUND,

                        Plaintiff,

v.

GORSKI BULK TRANSPORT INC.
a Michigan corporation,

and

MR. HOWARD HODGSON,
an individual, Jointly and Severally,

                        Defendants.

---

Michael J. Mills, Esq. (P29209)
Law Offices of Michael J. Mills
1843 Orchard Lake Road
Sylvan Lake, Michigan 48320
(248) 647-7460
mjmills@mjmillspc.com
Counsel for Plaintiff

---

## **COMPLAINT**

NOW COMES the Plaintiff, Trustees for Michigan Conference of Teamsters Welfare Fund (hereinafter referred to as "MCTWF"), by its attorneys, Law Offices of Michael J. Mills, and as and for a cause of action against Gorski Bulk Transport Inc. (hereinafter referred to as "Gorski") and Mr. Howard Hodgson (hereinafter referred to as "Hodgson"), jointly and severally, alleges and shows to the Court the following:

## JURISDICTION

1. Jurisdiction of this Court is founded upon Sec. 301(a) of the Labor Management Relations Act of 1947, as amended (29 U.S.C. 185(a)), and Sec. 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended by the Multi-Employer Pension Plan Amendments Act of 1980, P.L. No. 96-364, Sec. 306 (codified as amended at 29 U.S.C. 1002(1), (2), (3), (37), 1132 and 1145) ("ERISA"), in that MCTWF is aggrieved by Gorski's violation of certain Collective Bargaining Agreements. Pursuant to 29 U.S.C. 1132(e), this court shall have exclusive jurisdiction of civil actions brought by a fiduciary.

2. ERISA provides a right for a plan fiduciary to bring a civil action for recovery of overpaid benefits under 29 U.S.C. 1132(a)(3)(B).

3. A copy of the Complaint herein is being served on Deputy Director, Secretary of Labor at 200 Constitution Avenue, Room N. 5619, Washington, D.C. 20210 and the Secretary of the Treasury at 1500 Pennsylvania Avenue, Washington, D.C. 20220 as required by Section 502(h) of ERISA, 29 U.S.C. §1132(h).

## THE PARTIES

4. MCTWF is an employee benefit plan within the meaning of Sections 3(1), (2), (3) and (37), 502 and 515 of ERISA, and the Trustees bring this action on behalf of MCTWF, participants and beneficiaries of said Plan. MCTWF maintains offices at 2700 Trumbull Avenue, Detroit, Michigan.

5. Upon information and belief, Gorski is a Michigan corporation doing business in Michigan with a principal business address of 645 Griswold, Suite 1972, Detroit, Michigan 48226.

6. Upon information and belief, Hodgson resides in the City of Dearborn, County of Wayne, State of Michigan.

## VENUE

7. MCTWF is administered in the Eastern District of Michigan. Venue is conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. Section 1132(e)(2).

8. Gorski is an employer and party in interest in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and (14) of ERISA (29 U.S.C. 1002(5), (11), (12) and (14)) and the Labor Management Relations Act of 1947 (29 U.S.C. 151, et seq.).

## COUNT I - GORSKI

9. For all times relevant Gorski was a party to and agreed to abide by the terms of a Collective Bargaining Agreement between itself and Teamsters Local 283, signed by the parties and effective as of December 2, 2011, a copy of the pertinent sections of which are attached to this Complaint, made a part hereof and labeled Exhibit A (hereinafter referred to as "Collective Bargaining Agreement"). This labor organization represented, for purposes of collective bargaining, certain employees of Gorski and employees of other employers, in industries affecting interstate commerce within the meaning of Sections 2(5), 9(a) and Sec. 301(a) of the Labor Management Relations Act of 1947 (29 U.S.C. 151, et seq.).

10. The executed Collective Bargaining Agreement described herein contains provisions whereby Gorski agreed to make timely payments to MCTWF for each employee covered by said Agreement. Further the Collective Bargaining Agreement specifically addresses work related injuries and states that "if any employee is injured on the job, the Company shall continue to pay the required contributions until the employee returns to work, provided such contributions are not paid for a period of more than six (6) months."

11. For all times relevant Gorski was a party to and agreed to abide by the terms and provisions of the MCTWF Participation Agreement signed by the parties and effective as of December 2, 2011, a copy of which is attached to this Complaint, made a part hereof and labeled Exhibit B (hereinafter referred to as "Participation Agreement"). Under the Participation Agreement, Gorski agreed to make contributions to MCTWF only on behalf of employees and

Gorski agreed to timely report to MCTWF all active employment status changes. Pursuant to MCTWF's Summary Plan Description, which is the governing benefit package document, a copy of the pertinent sections of which are attached to this Complaint, made a part hereof and labeled Exhibit C (hereinafter referred to as "Summary Plan Description"), a participant "will lose eligibility…if [his] employment with a contributing employer ends." (Summary Plan Description, Section 2.1(e)). The Summary Plan Description is available in its entirety at MCTWF's website – www. mctwf.org.

12. Upon information and belief, Hodgson sustained a work related injury in 2009 and Hodgson's active employment with Gorski terminated sometime in 2011 or 2012 as a result of such injury, at which point his eligibility for further participation in MCTWF terminated.

13. Gorski failed to timely notify MCTWF of the termination of Hodgson as required by the Participation Agreement. Gorski failed to provide the required Change in Participant Employment Status form to MCTWF until February 24, 2016. The Change in Participant Employment Status form that Gorski ultimately submitted to MCTWF incorrectly stated Hodgson's termination date as September 5, 2014.

14. Gorski continued to report Hodgson as an active employee and continued to remit contributions to MCTWF on his behalf through February 2016.

15. As a result of Gorski's breach of the applicable Collective Bargaining Agreement and Participation Agreement provisions, MCTWF continued to pay claims on Hodgson's behalf as an active employee of Gorski through February 2016. The total amount of claims paid by MCTWF on behalf of Hodgson with respect to a time period during which he was ineligible to participate in MCTWF is $341,924.43 (the "Overpaid Claims").

16. The contributions made by Gorski to MCTWF on behalf of Hodgson with respect to the time period during which he was not eligible for coverage totaled $70,914.75. Such amount is being offset against the Overpaid Claims. However, when contributions are refunded or offset, pursuant to MCTWF policy there is a 10% administrative fee based on its processing of all claims related to such contributions which here results in an additional fee payable in the

4

amount of $34,192.44.

17. In addition, MCTWF has successfully reversed the payment of a number of the Overpaid Claims. As a result, the total amount of unreimbursed Overpaid Claims is $97,004.07. (An itemization of the claims paid will be provided separately to Gorski and Hodgson and/or their respective counsel.) This together with the 10% fee results in a total amount due and owing from Gorski of $131,196.51.

18. Section 515 of ERISA, 29 U.S.C. 1145, provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

19. Section 502(g)(2) of ERISA, 29 U.S.C. 1132(g)(2), provides:

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan-
>
> (E) such other legal or equitable relief as the court deems appropriate.

20. Gorski has failed to perform its obligations pursuant to the terms and conditions of the Collective Bargaining Agreement and Participation Agreement in violation of 29 U.S.C. 1145, including the following:

A. Failing to timely and accurately report employee work status changes to MCTWF;

B. Failing to comply with the Participation Agreement requirement that contributions only be made on behalf of employees; and

C. Failing to adhere to the Collective Bargaining Agreement provision that contributions will only be made for six months following a work related injury.

21. In addition to breach of contract, ERISA provides a right for a plan fiduciary to

bring a civil action for recovery of overpaid benefits under 29 U.S.C. 1132(a)(3)(B).

22. Despite repeated demands that Gorski reimburse MCTWF for the total amount of the overpayment, Gorski has refused to make the required payment. Consequently, MCTWF is entitled to all of the remedies provided by ERISA, as well as damages based on breach of contract.

## COUNT II - HODGSON

23. MCTWF realleges each and every allegation contained in paragraphs 1 through 22 above and incorporates the same as though fully set forth herein word for word.

24. Hodgson was employed by Gorski, a participating employer in MCTWF. Based on such employment, Hodgson signed MCTWF's Enrollment form, pursuant to which Hodgson agreed to the terms and conditions of MCTWF's Summary Plan Description.

25. Upon information and belief, Hodgson sustained a work related injury in 2009 and Hodgson's active employment with Gorski terminated sometime in 2011 or 2012 as a result of such injury, at which point his eligibility for further participation in MCTWF terminated pursuant to the attached Section 2.1(e) of the Summary Plan Description.

26. The total amount of claims paid by MCTWF on behalf of Hodgson with respect to a time period during which he was ineligible to participate in MCTWF is $341,924.43. Pursuant to the attached Section 15 of the Summary Plan Description, MCTWF has the right and obligation to recover such overpayments from any person for whom payments were made.

27. MCTWF has successfully reversed the payment of a number of the Overpaid Claims. The contributions made by Gorski to MCTWF on behalf of Hodgson with respect to the time period during which he was not eligible for coverage totaled $70,914.75. Such amount is being offset against the Overpaid Claims. Therefore, the net amount of unreimbursed Overpaid Claims due and owing from Hodgson to MCTWF is $97,004.07.

28. Despite numerous requests for payment, Hodgson has failed to reimburse MCTWF the amount of overpaid claims paid on his behalf by MCTWF as required by the

Summary Plan Description. MCTWF has thereby suffered damages based on such breach of contract.

29. In addition to breach of contract, ERISA provides a right for a plan fiduciary to bring a civil action for recovery of overpaid benefits under 29 U.S.C. 1132(a)(3)(B).

WHEREFORE, MCTWF demands the following relief:

A. Judgment on behalf of MCTWF and against Gorski in the amount of $131,196.51 with continuing interest and actual attorney fees and the costs of this action.

B. Judgment on behalf of MCTWF and against Hodgson in the amount of $97,004.07 with continuing interest and actual attorney fees and costs of this action.

C. Such other, further or different relief as the Court deems just and proper.

LAW OFFICES OF MICHAEL J. MILLS

By: /s/ Michael J. Mills
Michael J. Mills, Esq. (P29209)
1843 Orchard Lake Road
Sylvan Lake, MI 48320
(248) 647-7460
Counsel for MCTWF

Dated: November 30, 2017